FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

2006 JAN 19  PM 12: 56

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

MICHAEL E. GORDON,                )    Case No.: 1:04CV2299
                                  )
          Petitioner,             )    JUDGE LESLEY WELLS
                                  )    Magistrate Judge George J. Limbert
     vs.                          )
                                  )
MARGARET BRADSHAW, WARDEN,        )    REPORT AND RECOMMENDATION
                                  )    OF MAGISTRATE JUDGE
          Respondent.             )

On November 19, 2004, Michael E. Gordon ("Petitioner"), through counsel, filed a

petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case

Filing ("ECF") Dkt. #1.  On November 30, 2004, the Honorable Lesley Wells referred the

instant matter to the undersigned for a Report and Recommendation.  ECF Dkt. #7.  On

September 15, 2005, Petitioner, with Court approval and through counsel, filed an amended

§ 2254 federal habeas corpus petition.  ECF Dkt. #22.

Respondent Margaret Bradshaw, Warden of the Mansfield Correctional Institution in

Mansfield, Ohio ("Respondent") filed an answer/return of writ to the original § 2254 petition on

March 14, 2005 and filed an answer/return of writ to the amended § 2254 federal habeas corpus

petition on November 2, 2005.  ECF Dkt. #s 14, 23.  For the following reasons, the undersigned

recommends that this Court find that Petitioner has procedurally defaulted both of his grounds

for relief and dismiss the federal habeas corpus petition with prejudice.

-1-

I.    **FACTUAL BACKGROUND/PROCEDURAL HISTORY**

    A.    **FACTUAL BACKGROUND**

The Eighth District Court of Appeals set forth the following underlying facts[1] in the instant case:

> Defendant, Michael E. Gordon, appeals his conviction after a bench trial on two counts of aggravated vehicular assault and one count of *driving* under the influence and claims the State of Ohio failed to introduce sufficient evidence to support all material elements of the crimes.
>
> On July 12, 2000, at approximately 7:04 p.m., Michael E. Gordon ("Gordon") was driving his sport utility vehicle on Cranwood Boulevard in Garfield Heights, Ohio. Gordon lost control of his vehicle, passed over the center line, and struck another vehicle. After striking the vehicle, Gordon's vehicle slid sideways into the front yard of a residence, hitting a nine-year-old girl who was sitting there on her bicycle. Both the driver of the vehicle and the nine-year-old girl suffered serious injuries.
>
> Office Dupont arrived at the scene and spoke with Gordon. The officer immediately noticed an odor of alcohol on Gordon's breath. As a result, Office Dupont asked Gordon to submit to a field sobriety test. Gordon refused to submit and requested immediate medical attention.
>
> Office Dupont followed as Gordon was transported to the hospital by the emergency squad. At the hospital, Office Dupont remained with Gordon. At approximately 8:59 p.m., Gordon was treated by medical personnel and voluntarily submitted to blood and urine tests. Office Dupont observed as Gordon provided the urine sample from behind a hospital curtain.
>
> The test on the urine, which was performed by the Cuyahoga County Coroner's Office, revealed that Gordon's concentration of ethanol was .16 grams per deciliter, .02 over the legal limit of .14. The Coroner's office also identified marijuana metabolites present in Gordon's urine sample.
>
> Based on the result of the urine test, Office Dupont issued Gordon a ticket for driving while under the influence of alcohol and a ticket for driving left of center.

---

[1]These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998) *cert. denied*, 119 S.Ct. 2403 (1999).

ECF Dkt. #14, Attachment #8, Exhibit 8 at 2-3.

**B.  PROCEDURAL HISTORY**

On May 16, 2001, the Cuyahoga County Grand Jury indicted Petitioner on two counts of aggravated vehicular assault in violation of Ohio Revised Code §2903.08 and one count of driving under the influence of alcohol and/or drug abuse in violation of Ohio Revised Code § 4511.19.  ECF Dkt. #14, Attachment #1, Exhibit 1.  Petitioner, through counsel, entered not guilty pleas to the charges on June 8, 2001 and filed a motion to suppress the results of his blood and urine tests.  ECF Dkt. #14, Attachment #4, Exhibit 4.  On August 3, 2001, the trial court granted Petitioner's motion to suppress the results of his blood and urine tests.  *Id.*  The State appealed the trial court's ruling to the Eighth District Court of Appeals and that court affirmed the suppression of the blood test results, but reversed the trial court's suppression of the urine test result.  ECF Dkt. #1, Attachment #1, Exhibit 1.  It does not appear from the docket that the appellate court ruling was appealed to the Ohio Supreme Court by either party.

On November 7, 2002, the trial court issued a journal entry finding Petitioner guilty of all three counts as charged in the indictment.  ECF Dkt. #14, Attachment #4, Exhibit 4.  On November 15, 2002, the trial court sentenced Petitioner to four years of imprisonment on each count of aggravated vehicular assault, to be served consecutively, and six months of imprisonment on the driving under the influence conviction, to be served concurrently with the other sentences.  *Id.*

**1.  DIRECT APPEAL**

On December 12, 2002, Petitioner, through his trial counsel, timely appealed his conviction and thereafter filed an appellate brief with the Eighth District Court of Appeals

arguing the following sole assignment of error:

ASSIGNMENT OF ERROR NO. 1:

> THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF TWO
> COUNTS OF AGGRAVATED VEHICULAR ASSAULT IN VIOLATION OF
> RC 2903.06 WHERE THE STATE FAILED TO INTRODUCE SUFFICIENT
> EVIDENCE IN SUPPORT OF ALL MATERIAL ELEMENTS.

ECF Dkt. #14, Attachment #6, Exhibit 6; ECF Dkt. #14, Attachment # 8-9. The State filed a

responsive appellate brief and on December 1, 2003, the Eighth District Court of Appeals

announced its decision addressing Petitioner's assignment of error and affirming the trial

court's judgment and sentence. ECF Dkt. #14, Attachment #7, Exhibits 7; ECF Dkt. #14,

Attachment #8, Exhibit 8.

Petitioner filed no appeal of this decision to the Supreme Court of Ohio.

**2.    RULE 26(B) APPLICATION**

On November 23, 2004, after he had already filed his original federal habeas corpus

petition before this Court, Petitioner, through new counsel, filed an application to reopen his

appeal with the Eighth District Court of Appeals. ECF Dkt. #14, Attachment #9, Exhibit 9.

Petitioner conceded that his Rule 26(B) application was untimely filed, but he asserted that

good cause existed for the untimely filing and significant issues existed that should have been

raised by counsel in his direct appeal. *Id.* Petitioner asserted that his prior appellate counsel

was ineffective in that he should have raised the following main assignments of error on direct

appeal:

> A.    The use of the urinalysis test is both scientifically invalid and a violation
> of the Appellant's due process rights.
>
> B.    If Ohio Court's[sic] are to be permitted to use the scientifically
> questionable urinalysis test, then the prosecution must prove that there

-4-

has been "strict compliance" with the required testing protocol.

      C.     The State of Ohio failed to prove "substantial compliance."

ECF Dkt. #14, Attachment #9, Exhibit 9 at 5-10.  Petitioner also asserted that appellate counsel acted ineffectively by failing to appeal the appellate court decision on the trial court's ruling on the motion to suppress to the Ohio Supreme Court and the appellate court's decision on Petitioner's direct appeal.  *Id*. at 10.  The State of Ohio filed a brief in opposition to Petitioner's Rule 26(B) application.  ECF Dkt. #14, Attachment #10, Exhibit 10.

On January 28, 2005, the Eighth District Court of Appeals denied Petitioner's Rule 26(B) application, finding that he had untimely filed his application and failed to show good cause to excuse the untimely filing.  *State v. Gordon*, No. 82180, 2005 Ohio 409 at www.cuyahogacounty.us/appeals/.  The appellate court also held that res judicata barred Petitioner's claims and his ineffective assistance of appellate counsel claim was otherwise without merit.  *Id*.

On March 14, 2005, Petitioner, through counsel, appealed the denial of his Rule 26(B) application to the Supreme Court of Ohio.  ECF Dkt. #17.  Petitioner did not provide this Court with a copy of the memorandum in support of jurisdiction that he filed with the Ohio Supreme Court, so the undersigned is unable to delineate the propositions of law.  On June 29, 2005, however, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question.  ECF Dkt. #19, Attachment #1.

**C.**     **FEDERAL HABEAS CORPUS PETITION**

On November 19, 2004, five days before he filed his Rule 26(B) application with the Eighth District Court of Appeals, Petitioner, through counsel, filed his original petition for writ

of habeas corpus in this Court. ECF Dkt. #1.  Though not specifically delineated as grounds for relief, it appears from the petition that Petitioner attempted to challenge the Ohio appellate court's decision reversing the trial court suppression of the urinalysis results from evidence as Petitioner asserted that the "Court completely ignored the fact that the Ohio Administrative Rules were not complied with." *Id.* at 17.  Petitioner also challenged the effectiveness of original appellate counsel, who acted as trial counsel, as he asserted that appellate counsel should have presented more than the one assignment of error challenging the sufficiency of the evidence. *Id.* at 21.  Petitioner contended that his original appellate counsel should have raised issues relating to the admission of the urine test results and he should have appealed the appellate court's decision on the trial court's suppression ruling to the Ohio Supreme Court. *Id.* at 22.

In his original federal habeas corpus petition, Petitioner also requested that this Court hold his petition in abeyance while he continued to pursue his state rights through his Rule 26(B) application that the Ohio appellate court had not yet decided. ECF Dkt. #1 at 8-11. Respondent moved the Court to dismiss Petitioner's federal habeas corpus petition in its entirety due to Petitioner's failure to exhaust his state remedies before filing his federal habeas corpus petition. ECF Dkt. #14.  In his reply, Petitioner represented that the appellate court had denied his Rule 26(B) application and he was awaiting a ruling from the Ohio Supreme Court on his appeal of that denial. ECF Dkt. #17.  Petitioner again requested a stay of the proceedings in this Court pending the exhaustion of his Rule 26(B) application at the state level.

On July 26, 2005, the undersigned stayed Petitioner's original federal habeas corpus petition and ordered him to return to this Court within thirty days after state exhaustion of his

issues was complete. ECF Dkt. #18. On January 27, 2005, Petitioner, through counsel, notified the Court that he had received the ruling by the Ohio Supreme Court on his Rule 26(B) appeal and he attached a copy of the Ohio Supreme Court's dismissal of his appeal as not involving any substantial constitutional question. ECF Dkt. #19. Consequently, on January 29, 2005, this Court lifted its previously imposed stay and set a briefing schedule, ordering Petitioner to file an amended § 2254 federal habeas corpus petition, ordering Respondent to file an answer/return of writ in response to Petitioner's amended federal habeas corpus petition, and allowing Petitioner to file a reply or traverse to the answer/return of writ. ECF Dkt. #20. The Court also admonished Petitioner's counsel to clarify his grounds for relief in his amended § 2254 federal habeas corpus petition as he had failed to specifically delineate grounds for relief in his original petition. *Id.*

On September 15, 2005, Petitioner, through counsel, filed his amended federal habeas corpus petition pursuant to 28 U.S.C. § 2254. ECF Dkt. #22. Respondent filed her answer/return of writ to the amended petition on November 2, 2005, and Petitioner filed a brief contra to Respondent's amended answer/return of writ. ECF Dkt. #s 23, 25.

In his amended § 2254 federal habeas corpus petition, Petitioner again fails to specifically delineate the issues in his petition as grounds for relief as instructed by the undersigned. Consequently, the undersigned is again left to imply the grounds for relief from the narrative text of Petitioner's petition. Petitioner again appears to challenge the Ohio appellate court's decision which reversed the trial court's suppression of Petitioner's urinalysis results. ECF Dkt. #22 at 11. In speaking of the Ohio appellate court, Petitioner asserts that

> [t]he Court completely ignored the fact that the Ohio Administrative Rules were
> not complied with. And, as such, the testing procedures in the Ohio

-7-

> Administrative Code were NOT complied with. Under Ohio Law, the State
> bears the burden of showing that it complied with procedures for collecting and
> testing blood and urine samples. State v. French, 650 N.E.2d 887, 892 (1995).

ECF Dkt. #22 at 11. Petitioner goes on to discuss the United States Supreme Court's opinion in

*Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and argues that

the urinalysis was constitutionally suspect under *Daubert* and its progeny as the employee of

the Cuyahoga County Coroner's Office who performed the urinalysis testing stated that the

results were scientifically unreliable, the State did not contest this testimony, and thus "[t]he

Ohio Courts[sic] ruling that this evidence was admissible is a per se violation of the Ohio

Administrative Code." ECF Dkt. #22 at 11-12. Moreover, Petitioner argues that the expert's

testimony alone was sufficient to show that the admission of the urinalysis results were

violative of the United States Constitution. *Id.* at 23.

In what appears to be his second ground for relief, Petitioner asserts that original

appellate counsel, who was also Petitioner's trial counsel, was ineffective because he raised one

sole assignment of error on direct appeal that only challenged the sufficiency of the evidence.

ECF Dkt. #22 at 14. Petitioner contends that original appellate counsel was required to raise the

denial of his due process rights by the Ohio appellate court when it reversed the trial court's

ruling to suppress the urine test results as the results were scientifically suspect and were

obtained without substantial compliance with the Ohio Administrative Code. *Id.* Petitioner

also calls attention to original appellate counsel's failure to appeal the Ohio appellate court

decision reversing the trial court's suppression of the urine test results, which impacted his

rights to appeal. *Id.*

Rather than address the merits of Petitioner's grounds for relief, Respondent again

asserts that Petitioner has failed to exhaust his state court remedies and has procedurally defaulted his grounds for relief by failing to directly appeal to the Ohio Supreme Court and because the doctrine of *res judicata* bars his grounds for relief. ECF Dkt. #23 at 9-10.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2004, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d). However, a petitioner must overcome several procedural barriers before a reviewing court will review the merits of the petition for writ of habeas corpus. As Justice O'Connor notes in *Daniels v. United States,* "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The AEDPA statute of limitations period for filing Petitioner's petition for a writ of federal habeas corpus is not at issue in the instant case. However, Respondent asserts that Petitioner has failed to exhaust and has procedurally defaulted both of his grounds for relief.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). The

exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *Id.* (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts.  *Rose v. Lundy*, 455 U.S. 509, 518-520,  (1982).  The Supreme Court has held that "the petitioner has the burden . . . of showing

-10-

that other available remedies have been exhausted or that circumstances of peculiar urgency

exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay

v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before

presented in the state courts unless he can show cause to excuse his failure to present the claims

in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually

innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748

(1991).

      The procedural default doctrine serves to bar review of federal claims that a state court

has declined to address when a petitioner does not comply with a state procedural requirement.

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on

independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 730.  However,

when the last explained state court decision rests upon procedural default as an "alternative

ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee

v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has

addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that

there is no independent and adequate state grounds for a state court decision absent a clear

statement to the contrary.  *Coleman*, 501 U.S. at 735.

      Applying this presumption, the Sixth Circuit Court of Appeals established a four-

pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v.

Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

    (1)     whether the petitioner failed to comply with an applicable state procedural rule;

    (2)     whether the state courts actually enforced the state procedural sanction;

-11-

> (3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied,* 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray,* 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

If a habeas petitioner overcomes the procedural obstacles as described in the foregoing section, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. 28 U.S.C. § 2254(d).

-12-

## III.    DISCUSSION

### A.    FIRST GROUND FOR RELIEF

#### 1.    EXHAUSTION

Respondent contends that Petitioner has failed to exhaust his first ground for relief in the Ohio courts because he failed to file a delayed direct appeal to the Ohio Supreme Court and only sought review in that court relating to the state appellate court denial of his Rule 26(B) application.  ECF Dkt. #23 at 3, 7-10.  Respondent asserts that Petitioner's appeal of the appellate court's denial of his Rule 26(B) application to the Ohio Supreme Court does not constitute exhaustion because Rule 26(B) proceedings are not considered a part of the direct appeal process.  *Id.* at 7-10.

Respondent is correct that Petitioner has failed to exhaust his first ground for relief by failing to file a direct appeal or now a delayed direct appeal with the Ohio Supreme Court. However, the undersigned recommends that the Court excuse Petitioner's failure to exhaust his first ground for relief.  In this ground for relief, Petitioner challenges the Ohio appellate court's decision to reverse the trial court's order suppressing his urine test results.  ECF Dkt. #22 at 11. Petitioner's appellate counsel, who was also his trial counsel, did raise this argument in the context of his sole assignment of error arguing the insufficiency of the evidence before the Eighth District Court of Appeals.  ECF Dkt. #14, Attachment #6, Exhibit 6.  However, Petitioner's appellate counsel never filed an appeal of the intermediate appellate court's decision to the Ohio Supreme Court.

A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for

-13-

relief. 28 U.S.C. § 2254(b) and (c). A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims. *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D.Ohio 2004), citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim. *Rust,* 17 F.3d at 160.

Notwithstanding, the Sixth Circuit Court of Appeals has also held that a federal habeas corpus court should excuse the exhaustion of grounds for relief where further action in state court "would be an exercise in futility." *Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005) quoting *Lucas v. People of the State of Michigan,* 420 F.2d 259, 262 (6th Cir.1970) (holding that "such a judicial runaround is not mandated" by the exhaustion requirement).

The undersigned recommends that the Court find that it would be futile for Petitioner to again return to the Ohio Supreme Court to file a delayed direct appeal as even Respondent concedes that it is likely that the court would deny him leave to file his delayed appeal from his December 1, 2003 conviction and sentence because of the length of time that has passed and because Petitioner had counsel during that time. *See Dickerson*, 336 F.Supp.2d at 807 ("The Court finds that a return to state court would be futile because the time for raising these issues on direct appeal to the Ohio Supreme Court has long been expired."). Respondent asserts in the exhaustion section of her brief that Petitioner has not exhausted his grounds for relief because he failed to file a delayed direct appeal to the Ohio Supreme Court. ECF Dkt. #23 at 7-10. But

-14-

in the next part of her brief asserting that Petitioner has procedurally defaulted his grounds for relief by failing to raise the issues before the Ohio Supreme Court, Respondent asserts that "if a motion for a delayed appeal were to be filed with the Ohio Supreme Court, it is unlikely the motion would be granted given the length of time that has passed since the state appellate court affirmed Gordon's conviction and sentence on December 1, 2003 and the fact that Gordon has had legal representation during that lengthy time period." *Id.* at 13.

Because it is unlikely that the Ohio Supreme Court would grant Petitioner's motion to file a delayed direct appeal, the undersigned recommends that the Court excuse Petitioner's failure to exhaust his first ground for relief because it would be futile for Petitioner to return to the Ohio courts in order to exhaust his state remedies.

## 2. **PROCEDURAL DEFAULT**

While the undersigned recommends that the Court excuse Petitioner's failure to exhaust his first ground for relief, the undersigned agrees with Respondent that Petitioner has procedurally defaulted this ground.  Respondent contends that Petitioner procedurally defaulted his first ground for relief because he did not pursue his direct appeal to the Ohio Supreme Court and the Ohio Supreme Court would most likely deny a delayed appeal if Petitioner filed one with that court, thus resulting in a procedural default of this ground for relief.  ECF Dkt. #23 at 13.  Respondent also contends that *res judicata* bars Petitioner's first ground for relief because the state appellate court alternatively applied *res judicata* in denying Petitioner's Rule 26(B) application, indicating that it had already addressed the issue of the urinalysis results on direct appeal and Petitioner never appealed that decision to the Ohio Supreme Court.  *Id.* at 14.

The undersigned recommends that the Court find that Petitioner has procedurally

-15-

defaulted his first ground for relief. In general, a federal habeas court is barred from considering issues that could have been raised in the state courts, but were not, and which may not be presented to those state courts due to procedural default or waiver. *Engle v. Isaac,* 456 U.S. 107 (1982). A habeas petitioner has the burden of overcoming this bar by showing cause for the default and actual prejudice. *Murray v. Carrier,* 477 U.S. 478 (1986); *Fornash v. Marshall,* 686 F.2d 1179 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983). Normally, a federal habeas court will consider default in the state courts to have occurred if the last state court rendering a decision makes a plain statement of such state procedural default. *Harris v. Reed,* 489 U.S. 255 (1989). However, no such statement is necessary if the relevant issues were not presented at all to the state court(s). *Id.* at 263, n.9.

With this in mind, the failure of a state inmate to appeal a claim to the Supreme Court of Ohio constitutes a procedural default. *See Barkley v. Konteh,* 240 F. Supp. 2d 708 (N.D. Ohio 2002). Indeed, in order to preserve his constitutional claims for habeas corpus review, a habeas corpus litigant must raise each constitutional claim in the appropriate forum and present those claims all the way through the Ohio courts. *See Van Hook v. Anderson,* 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Thus, the judgment of conviction on direct appeal, and any adverse decision rendered by the trial court in post conviction, must be appealed to both the Ohio Court of Appeals and thereafter to the Supreme Court of Ohio. *See id.* In Ohio, the failure to present a claim to either a Court of Appeals or to the Ohio Supreme Court constitutes a waiver of the claim. *State* v. *Broom,* 40 Ohio St. 3d 277, 288-289 (1988); *State v. Moreland,* 50 Ohio St. 3d 58, 62 (1990).

Here, Petitioner failed to comply with the 45-day time requirement for filing a direct

-16-

appeal to the Ohio Supreme Court. *See* Ohio Sup.Ct.R. II, section 2(A)(1)(a). Moreover, as explained in the exhaustion section of this Report and Recommendation and impliedly conceded by Respondent in her answer/return of writ, the Ohio Supreme Court would most likely deny Petitioner leave to file a delayed direct appeal at this juncture. Accordingly, the first three *Maupin* criteria for procedural default are met as Petitioner has failed to comply with the state court's procedural rules, the State court would actually enforce those rules if they had been given the opportunity to do so, and the waiver doctrine constitutes an adequate and independent state ground upon which the State court can foreclose relief. In his petition, Petitioner concedes that the first three prongs of *Maupin* have been met. ECF Dkt. #22 at 10.

Accordingly, in order for this Court to nevertheless address Petitioner's first ground for relief, Petitioner must meet the fourth element of *Maupin* by presenting cause for his procedural default and resulting prejudice should the Court not examine this ground for relief. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 754. To show cause, a petitioner must demonstrate "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule. *Id.* at 753. To show prejudice, a petitioner must show that the errors he alleged created not merely a possibility of prejudice, but that the errors worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. 152, 170 (1982)(emphasis in original). If a petitioner cannot establish both cause for his default and actual prejudice, the petitioner cannot have his claim considered unless he shows that he was actually innocent of the crime for which he was convicted. *Bousely v. United States*, 523 U.S. 614, 622 (1998).

-17-

In this case, Petitioner asserts as cause to excuse his procedural default that he lacked knowledge of the forty-five day filing deadline and lacked funds to pursue an appeal or to employ an attorney to do so.  ECF Dkt. #22 at 10.

In order to establish cause to excuse a procedural default, a petitioner must ordinarily show that some factor external to the defense prevented his ability to comply with the procedural requirement. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). It is well established that a *pro se* petitioner does not show cause to excuse a procedural default merely based on his pro se status or ignorance of his rights. *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir.1995).  Here, Petitioner argues that which *Hannah* prohibits as cause; he argues that he lacked legal knowledge about his right to file an appeal with the Ohio Supreme Court and he argues that he could not proceed with an appeal because he was pro se and without funds to hire an attorney.  Thus, the undersigned recommends that the Court find that Petitioner has not established cause to excuse his procedural default.

Furthermore, the miscarriage of justice exception does not apply in the case *sub judice* because Petitioner has not presented any new reliable evidence to support an assertion of innocence that would allow this Court to consider his claims in spite of his procedural default. Accordingly, a miscarriage of justice will not occur if the Court declined to review these claims on the merits. *Welch v. Burke,* 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999).

Moreover, to the extent that Petitioner asserts that his Rule 26(B) application remedies his lack of direct appeal to the Ohio Supreme Court, the Court should reject this argument. Petitioner did file a Rule 26(B) application which included the raising of his first ground for relief.  However, an application for reopening under Rule 26(B) of the Ohio Rules of Appellate

-18-

Procedure is "a procedural mechanism for raising claims of appellate counsel ineffectiveness, not for bootstrapping underlying constitutional claims that were omitted from the direct appeal in the first place." *Stojetz v. Ishee*, --F.Supp.2d-- 2005 WL 2416546, (S.D. Ohio 2005). Accordingly, only Petitioner's second ground for relief, arguing the ineffective assistance of appellate counsel, can be preserved in a Rule 26(B) application for reopening. *Id.* Because only Petitioner's ineffective assistance of appellate counsel claim was preserved in his Rule 26(B) application for reopening, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief and is unable to show the requisite cause and prejudice or miscarriage of justice in order to excuse this procedural default.

### B.   SECOND GROUND FOR RELIEF

In his second ground for relief, Petitioner asserts that he received the ineffective assistance of appellate counsel on the direct appeal of his conviction and sentence to the Ohio appellate court.  ECF Dkt. #22 at 12.  Respondent has again asserted that Petitioner has failed to exhaust this ground for relief and he has otherwise procedurally defaulted this ground.

### 1.   EXHAUSTION

Respondent contends that Petitioner has failed to exhaust his second ground for relief because he failed to raise this ground before the Ohio Supreme Court on direct appeal.  ECF Dkt. #23 at 9-10.  Respondent again asserts that Petitioner may still file a delayed appeal to the Ohio Supreme Court, but acknowledges that it is unlikely that the Ohio Supreme Court would grant the appeal.  *Id.* at 8, 12-13.

First, Respondent is incorrect that Petitioner was required to raise this ground for relief

-19-

before the Ohio Supreme Court on direct appeal. Caselaw holds that an Ohio prisoner may raise an ineffective assistance of appellate counsel claim either by filing a Rule 26(B) application in the intermediate appellate court or by raising the issue directly before the Ohio Supreme Court. *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992). And again, because even Respondent concedes that it is unlikely that the Ohio Supreme Court would grant Petitioner a delayed direct appeal at this late stage, the undersigned recommends that the Court find that Petitioner's failure to exhaust this ground for relief is excused. For these reasons, the undersigned recommends that the Court find either that Petitioner has exhausted this ground for relief by raising the issue in his Rule 26(B) application, or excuse Petitioner's failure to exhaust this ground for relief because it would be futile to return to the Ohio Supreme Court.

## 2.    **PROCEDURAL DEFAULT**

While the undersigned recommends that the Court find in Petitioner's favor as the issue of exhaustion of his second ground for relief, the undersigned recommends that the Court find that Petitioner has procedurally default this ground. Petitioner filed an untimely Rule 26(B) application before the Ohio intermediate appellate court. ECF Dkt. #14, Attachment #9, Exhibit 9. In determining whether the *Maupin* factors are met for applying the doctrine of procedural default to this ground for relief, this Court must look to the last explained state court judgment. *Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). If that last reasoned opinion imposed a procedural default, a presumption arises, if petitioner fails to present strong evidence to the contrary, "that a later decision rejecting the claim did not *silently* disregard the bar and consider the merits." *Id.* at 803. The bar to federal review is removed if the last state court to review the claim reaches its merits. *Id.* at 801.

-20-

Because the Ohio Supreme Court in the instant case summarily denied Petitioner leave to appeal the intermediate appellate court's denial of his Rule 26(B) application, the undersigned shall look to the intermediate appellate court's reasoned opinion to determine if a procedural default was imposed.  ECF Dkt. #19, Attachment #1.  The undersigned finds that the intermediate appellate court did indeed impose a procedural bar to reviewing Petitioner's claims, although they alternatively addressed the claim on the merits.

Applying the *Maupin* factors, Petitioner failed to comply with the applicable state procedural rule under Rule 26(B) of the Ohio Rules of Appellate Procedure as that Rule requires that the party moving to reopen an appeal file the application within ninety days of the journalization of the appellate judgment unless he shows good cause for excusing the time limitation.  OHIO APP. R. 26(B).  Petitioner filed his Rule 26(B) application on November 23, 2004 which is well beyond ninety days after the November 20, 2003 appellate judgment.  ECF Dkt. #14, Attachment #8, Exhibit 8; ECF Dkt. #14, Attachment #9, Exhibit 9.  Because Petitioner's Rule 26(B) application was untimely, the Ohio appellate court reviewed Petitioner's application in order to see if his reasons for his untimely filing constituted good cause.  ECF Dkt. #9, Attachment #4, Exhibit 17.  The Ohio Court of Appeals rejected Petitioner's assertions of cause that his untimely filing was due to his lack of legal or financial assistance at the time. *State v. Gordon*, 2005 Ohio 409, No. 82180, Application for Reopening, Motion No. 366228 (Ohio App.Ct. Jan. 28, 2005).  The court found that Petitioner had failed to establish a showing of good cause for his untimely filing. *Id.* at 2.  The appellate court alternatively held that

-21-

Petitioner's claims were barred by *res judicata* and were otherwise without merit.[2]

Thus, the undersigned recommends that the Court find that the first two criteria of *Maupin* have been met as Petitioner failed to comply with the applicable state procedural appellate rule of Rule 26(B) which required the filing of an application to reopen within ninety days or a finding of good cause to excuse a delayed filing, and the Ohio appellate court actually enforced Rule 26(B) by denying Petitioner's application to reopen because it was untimely filed. Petitioner concedes that both of these criteria have been met. ECF Dkt. #22 at 10.

The undersigned therefore proceeds to the third criteria of *Maupin*, that is, determining whether the state procedural bar under Rule 26(B) of the Ohio Rules of Appellate Procedure is an "adequate and independent" state ground on which the state can foreclose federal review. In order to be found independent, neither the state rule itself nor the state court enforcing the rule can rely on any part of federal law. *Smith v. Ohio, Dept. of Rehabilitation and Correction*, 331 F.Supp.2d 605, 621-622 (N.D.Ohio 2004), quoting *Fautenberry v. Mitchell*, No. C-1-00-332, 2001 WL 1763438 (S.D. Ohio Dec. 26, 2001). For a court to find that a procedural ground is adequate, the rule must be "'firmly established and regularly followed' at the time it was applied." *Smith*, 331 F.Supp.2d at 618, citing *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002); *see also Franklin v. Anderson*, - - F.3d - -, Nos. 03-3636, 03-3697, 2006 WL 38271 ("We agree with the district court that Franklin's ineffective assistance of appellate counsel

---

[2] The undersigned notes that the Ohio appellate court alternatively applied the doctrine of *res judicata* and addressed the merits of Petitioner's ineffective assistance of appellate counsel claim. *State v. Gordon*, 2005 Ohio 409, No. 82180, Application for Reopening, Motion No. 366228 (Ohio App.Ct. Jan. 28, 2005). However, the fact that a state court addresses the merits of a claim in an alternative holding does not remove the bar against federal courts addressing the merits of federal habeas corpus claims. This bar is not removed as long as the state court makes clear that the its procedural bar is an independent and adequate state ground upon which it can deny relief and the state court indicates that it considered the merits of the claim only in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264, n.10 (1989)("a state court need not fear reaching the merits of a federal claim in an alternative holding.")

-22-

claim is not barred from review under the *Maupin* test because *at the time he filed his Motion for Delayed Reconsideration, in which he raised the claims he makes on appeal in the instant case, the Ohio courts did not have a "firmly established and regularly followed" procedural rule governing the timeliness of such motions.")(emphasis added).

The Sixth Circuit Court of Appeals has held that as of June 1998, the "good cause" requirement to deny an untimely Rule 26(B) application was an adequate and independent state ground in which to bar federal habeas corpus review of ineffective assistance of appellate counsel claims. *Smith*, 331 F.Supp.2d at 621-622, citing *Monzo*, 281 F.3d at 578. Petitioner in this case filed his Rule 26(B) application in November 2004, well after the "good cause" requirement of Rule 26(B) was fairly and firmly established by the Ohio courts. In addition to the first two *Maupin* criteria, Petitioner concedes in his petition that the third *Maupin* criteria is also met. ECF Dkt. #22 a 10. Accordingly, the undersigned recommends that the Court find that the third factor of *Maupin* is met.

Consequently, the only way that Petitioner can escape the procedural default of this ground for relief is to meet the fourth element of *Maupin*, that is, "the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that there was 'cause' for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Lancaster v. Adams*, 324 F.3d 423, 437 (6th Cir. 2003), citing *Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir.2001) (internal citations omitted), *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). Or a petitioner can avoid a procedural default by showing that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm

-23-

U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

As in his first ground for relief, Petitioner presents his pro se status and lack of knowledge about the filing deadlines as cause to excuse his procedural default for the instant ground for relief. Thus, for the same reasons as discussed in the first ground for relief, the undersigned recommends that the Court find that Petitioner's reasons for cause are insufficient. Petitioner has failed to show that some factor external to the defense prevented his ability to comply with the procedural requirement, and a *pro se* petitioner's status or ignorance of his legal rights does not constitute cause to excuse a procedural default. *Murray*, 477 U.S. at 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Hannah*, 49 F.3d at 1197. Thus, the undersigned recommends that the Court find that Petitioner has failed to establish the requisite cause in order to excuse his procedural default of his second ground for relief. Moreover, Petitioner fails to assert that a fundamental miscarriage of justice would occur if this ground for relief is not reviewed by this Court and the undersigned recommends that the Court find that Petitioner's case does not fall into the narrow class of cases that implicate the fundamental miscarriage of justice exception to a procedural default. *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 861 (1995).

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his second ground for relief and has failed to establish cause and prejudice or a fundamental miscarriage of justice in order to excuse his procedural default.

-24-

**IV.**    **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted both of his grounds for relief and has failed to establish cause and prejudice or a fundamental miscarriage of justice to warrant excusing his procedural defaults.  Consequently, the undersigned recommends that the Court dismiss the instant Petition for the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 with prejudice.

Date: _1- 19 - '06_

George J. Limbert
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-25-