IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


------------------------------------------------------ :
MICHAEL E. GORDON,                                     :
                                                       : CASE NO.  1:04 CV 2299
                              Petitioner,              :
                                                       :
              -vs-                                     : ORDER DENYING THE PETITIONER'S
                                                       : OBJECTIONS, ADOPTING AND
                                                       : ACCEPTING THE REPORT AND
MARGARET BRADSHAW, WARDEN,                             : RECOMMENDATION, DISMISSING
                                                       : THE HABEAS PETITION, AND
                              Respondent.              : DENYING A CERTIFICATE OF
------------------------------------------------------ : APPEALABILITY.


UNITED STATES DISTRICT JUDGE LESLEY WELLS

        Before this Court is Michael E. Gordon's (hereinafter "Mr. Gordon" or "petitioner")

petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This

case was referred to United States Magistrate Judge George J. Limbert for a Report

and Recommendation (hereinafter "R&R").  (Doc. 7).  Magistrate Judge Limbert

reviewed the papers in this matter, including the petitioner's amended habeas petition

(Doc. 22),  the return of writ (Doc. 23), and petitioner's reply (Doc. 25).  Magistrate

Judge Limbert filed his well-considered R&R, thoroughly examining the questions raised

in Mr. Gordon's petition, and recommends the Court deny both grounds of the petition

as procedurally defaulted. (Doc. 26).  Through counsel, Mr. Gordon filed his timely objections to the R&R.  (Doc. 27).

For the reasons set forth below, this Court adopts and accepts the Magistrate Judge's Report and Recommendation, and dismisses Mr. Gordon's petition for a writ of habeas corpus with prejudice.

## I.    **Background**

The factual background and procedural history of this matter is uncontested and adroitly rendered in Magistrate Judge Limbert's R&R.  Accordingly, this Court will not reiterate here the factual and procedural record it has thoroughly reviewed.  The Court will note Mr. Gordon's amended habeas petition, through counsel, required the Magistrate Judge to "imply the grounds for relief," even after Mr. Gordon's counsel was instructed to specifically delineate the issues. (Doc. 26, p. 7).  Mr. Gordon's brief in opposition follows, without objection, the R&R's articulation of the dispute and, accordingly, ratifies the Magistrate Judge's framing of the petitioner's request for relief as consisting of the following two grounds:

> Ground One: The Ohio Appellate Court's decision to reverse the trial court's suppression of the petitioner's urinalysis results and allow the admission of those results violated the United States Constitution.

> Ground Two: The original appellate counsel, who was also petitioner's trial counsel, was ineffective when he raised only one assignment of error on direct appeal, challenging only the sufficiency of the evidence.[1]

---

[1] Mr. Gordon's then trial counsel timely appealed his conviction and filed an appellate brief with the Eighth District Court of Appeals, averring one assignment of error:
> The trial court erred in finding appellant guilty of two counts of aggravated vehicular assault in violation of RC 2903.06 where the state failed to introduce sufficient evidence in support of all material elements.
The appellate court affirmed the trial court's judgment and sentence and petitioner did not file an

2

In assessing the legal viability of each of the two grounds, the R&R found both grounds procedurally defaulted pursuant to the protocols laid down in Maupin v. Smith, 785 F. 2d 135, 138 (6th Cir. 1986).  As the R&R observes, "a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice."  (Doc. 26, p. 12).  See Coleman v. Thompson, 501 U.S. 722, 751 (1991).

## II.      Law and Analysis

Under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's R&R to which specific objection was made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

### II.A.   First Ground

With regard to the petitioner's first ground for relief, the R&R suggests this Court excuse, as futile, the petitioner's failure to exhaust when he did not file a delayed direct appeal with the Ohio Supreme Court.  (Doc. 26, p. 13).   That portion of the R&R is uncontested and this Court will adopt the Magistrate Judge's recommendation that the Court excuse the petitioner's failure to exhaust as futile.  See Dickerson v. Mitchell, 336 F.Supp. 2d 770, 807 (N.D. Ohio 2004).

---

appeal of that decision to the Supreme Court of Ohio.

3

The Magistrate Judge specifically recommends finding Mr. Gordon procedurally defaulted the first ground of his petition for relief by failing to establish "cause" to excuse the procedural default.  See Hannah v. Conley, 49 F. 3d 1193, 1197 (6th Cir. 1995).  As he did in his amended habeas petition (Doc. 22), Mr. Gordon urges the Court to recognize as excusable "cause" his lack of knowledge of the required deadlines and his lack of funds to pursue the appeal or employ an attorney.  (Doc. 27, pp. 9-11).

In opposing the R&R's recommendation regarding his first ground for relief, Mr. Gordon relies upon the decision in Henry v. Mississippi for his argument that the Court should overlook his missed filings because meeting such procedural niceties does not prejudice the State or the parties or thwart a timely disposal of the case, where, as here, he filed his Rule 26(B) delayed appeal.  Henry v. Mississippi, 379 U.S. 443, 448 (1965) (finding that the purposes of the contemporaneous-objection rule were largely served by the motion for a directed verdict at the close of the State's case, making enforcement of the contemporaneous-objection rule less than essential and therefore lacking in the necessary "legitimacy" to make it an adequate state ground).

Petitioner's argument is wide of the mark for three reasons.  First, unlike the rationale in Henry, there is no doubt that the state's filing requirements serve as "an 'adequate and independent' state ground on which the state can foreclose federal review."  Maupin at 138;  Monzo v. Edwards, 281 F. 3d 568, 578 (6th Cir. 2002). Second, as the R&R acknowledges, and Mr. Gordon does not refute, while the petitioner did file a Rule 26(B) application, which included the raising of his first ground for relief, that application is "a procedural mechanism for raising claims of appellate counsel ineffectiveness, not for bootstrapping underlying constitutional claims that were

4

omitted from the direct appeal in the first place." <u>Stojetz v. Ishee</u>, 389 F. Supp. 2d 858, 899 (S.D. Ohio 2005).[2] <u>Stojetz</u> stands for the proposition that a Rule 26(B) application for reopening can preserve an ineffective assistance of appellate counsel claim, as in the petitioner's second ground, but it may not operate to preserve the petitioner's first ground for relief in this instance.  <u>Id</u>.

Finally, nothing in the facts, as rendered in the record or conveyed in the briefs, takes this matter out of the heartland of cases establishing that a <u>pro se</u> petitioner does not show cause to excuse a procedural default merely based upon his or her <u>pro se</u> status or ignorance of his rights.  <u>Hannah</u> 49 F.3d at 1197.  For instance in <u>Bonilla v. Hurley</u>, 370 F.3d 494, 498 (6th Cir. 2004), petitioner Bonilla argued, as cause to excuse the procedural default of his grounds for relief, that he was unable to file a timely notice of appeal to the Ohio Supreme Court because he was forced to proceed <u>pro se</u> due to the "sudden, unexpected withdrawal of state appellate counsel;" he was "not at all versed in the art of appellate legal practice and was not aware of the rules relating to the filing of a Notice of Appeal;" he was unable to obtain a complete copy of his trial transcripts prior to the expiration of the 45-day period provided for timely appeals to the Ohio Supreme Court; the prison where he was incarcerated limited his legal research time to four hours per week; and, he was unfamiliar with the English language.  The

---

[2] A review of the record indicates Mr. Gordon's Ohio App. R. 26(B) application on 23 November 2004 was well beyond the allowed ninety days after the 20 November 2003 journalization of the appellate judgment.  The Ohio Court of Appeals examined Mr. Gordon's application for reasons of good cause for the untimely filing and found none established.  <u>State v. Gordon</u>, 2005 Ohio 409, No. 82180 (Ohio App. Ct. 28 Jan. 2005).  The state found, in the alternative, that Mr. Gordon's claims were barred by res judicata and addressed his ineffective assistance of appellate counsel claim.  That alternative ruling did not remove the procedural bar as an independent and adequate state ground upon which the state court denied relief.  <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255, 264, n. 10 (1989).

Bonilla court found none of the petitioner's arguments established cause to excuse his procedural default.  See Ward v. Motley, 2006 WL 2734456 (E.D. Ky. 25 Sept. 2006) ("Petitioner may not excuse his substantial delay by alleging that he was indigent, untrained in legal litigation, or without legal assistance, noting the mere facts of Ward's pro se status and his lack of legal training do not show any lack of access to courts, and that his pro se status was no different than the majority of other habeas petitioners before this court who still manage to file timely petitions. ") (citing Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir.2002), cert. denied, 538 U.S. 984 (2003), and Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991)).  See also  Plaza v. Bock, 120 Fed. Appx. 587, 590 (6th Cir. 2005).

Accordingly, the Court finds the petitioner has procedurally defaulted his first ground for relief and is unable to establish the requisite cause and prejudice or miscarriage of justice that would excuse the procedural default.

**II.B    Second Ground**

With regard to Mr. Gordon's second ground for relief – ineffective assistance of appellate counsel – the Court adopts the unopposed recommendation of the R&R to excuse, as futile, the petitioner's failure to exhaust this issue before the Ohio Supreme Court.  Accordingly, the Court will address the issue of whether the petitioner has procedurally defaulted his second ground for relief.

The R&R found that Mr. Gordon was unable to demonstrate "cause" that might excuse the procedural default generated by his untimely Rule 26(b) application before the Ohio intermediate appellate court.  Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (the Court must look to whether the last reasoned opinion imposed a procedural

6

default).[3]  Specifically, the R&R found, the "[p]etitioner has failed to show that some factor external to the defense prevented his ability to comply with the procedural requirement, and a pro se petitioner's status or ignorance of his legal rights does not constitute cause to excuse a procedural default."  (R&R, p. 24).  See Murray v. Carrier, 477 U.S. 478, 488 (1986); Hannah, 49 F.3d at 1197.

In opposition to the recommendation of the R&R, Mr. Gordon maintains that the Ohio Eighth District Court of Appeals, in its opinion journalized on 28 January 2005, "sought fit to address the merits of Petitioner's Ineffective Assistance Claim, in spite of the fact that this Ohio Appellate Court recognized that Gordon had defaulted this claim in failing to file an immediate appeal to the Ohio Supreme Court within the 45 day deadline."  (Doc. 27, pp. 12-13).  From that premise, Mr. Gordon relies upon the United States Supreme Court's determination in Harris v. Reed to urge this Court to review the petitioner's substantive argument.  As Harris directs, "if the state court under state law chooses not to rely on a procedural bar . . . then there is no basis for a federal habeas court's refusing to consider the merits of the federal claim."  Harris v. Reed, 49 U.S. 255, 265 (1989).

A review of the opinion rendered by the Ohio Eighth District Court of Appeals, in light of the determination in Harris, leads this Court to conclude that the state appellate court clearly and expressly relied upon the procedural default for its decision.  The Harris Court explicitly provided state appellate courts the opportunity to address the

---

[3]In his Rule 26(B) motion in state court, Mr. Gordon attempted, on 23 November 2004, to reopen the appellate judgment that was journalized on 1 December 2003.  Ohio App. R. 26(B) requires the petitioner to establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

merits of a claim, as in this case, without removing the bar against federal courts addressing the merits of a federal habeas claim where the state appellate court has made clear that its determination of a procedural bar is an independent and adequate state ground upon which it might deny relief.  <u>Harris</u>, 49 U.S. at 264, n. 10.[4]  In this instance, the state appellate court's decision is unequivocally rendered upon the basis of timeliness, concluding that "Gordon's application for reopening is fatally defective and must be denied."  (<u>State of Ohio v. Gordon</u>, no. 82180, ¶ 2).  That the Court goes on, in the alternative, to consider the merits of Mr. Gordon's application for reopening does not, under <u>Harris</u>, prevent procedural default from being invoked.  <u>See</u> <u>Baze v. Parker</u>, 371 F. 3d 310, 320 (6th Cir. 2004) (finding that subsequent discussion of the merits does not always cast a doubt on the procedural bar);  <u>Clifford v. Chandler</u>, 333 F.3d 724, 728-29 (6th Cir.2003), <u>overruled in part on other grounds by</u> <u>Wiggins v. Smith</u>, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) ( holding that when a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief); <u>Scott v. Mitchell</u>, 209 F. 3d 854, 865 (6th

---

[4]The <u>Harris</u> Court specifically addressed the weight to be given to alternative considerations by state appellate courts, noting:

> Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. <u>See</u> <u>Fox Film Corp. v. Muller</u>, 296 U.S. 207, 210, 56 S.Ct. 183, 184, 80 L.Ed. 158 (1935). Thus, by applying this doctrine to habeas cases, [<u>Wainright v.</u>] <u>Sykes</u> curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

<u>Harris</u>, 49 U.S. at 264, n. 10.

Cir. 2000) (finding the state court's invocation of the procedural bar still valid and the cause and prejudice test applicable even where the state court addresses the merits by first using the phrase "More importantly.").

Accordingly, the petitioner may only avoid the procedural default of his second ground for relief if he can demonstrate that there was "cause" for him to neglect the procedural rule and he was actually prejudiced by the alleged constitutional error. Yet, as in his first ground for relief, Mr. Gordon relies upon his pro se status and ignorance of the filing deadlines as "cause" to excuse his procedural default for his second ground for relief. For the reasons previously addressed by this Court, as they pertain to the petitioner's first ground for relief, Mr. Gordon's reasons for "cause" are insufficient. See Hannah, 49 F. 3d at 1197.

Accordingly, this Court finds that Mr. Gordon has procedurally defaulted his second ground for relief and has failed to establish cause and prejudice or a fundamental miscarriage of justice in order to excuse his procedural default.

### II.C. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Mr. Gordon has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir.2001). Rather, this Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473 (2000).

9

Murphy, 263 F.3d at 467.  Consequently, this Court has examined Mr. Gordon's claims pursuant to the standard laid down in Slack.

Under Slack, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Mr. Gordon's claims was debatable or wrong.  Thus, the Court will deny Mr. Gordon a certificate of appealability.

### III.    Conclusion

After independently reviewing the relevant case law and the petitioner's arguments, and for the reasons delineated above, this Court confirms Magistrate Judge Limbert's well-reasoned recommendation to deny Mr. Gordon's petition, in that both grounds for relief are procedurally barred.  Respondent's Return of Writ is granted and Michael E. Gordon's petition for a writ of habeas corpus is dismissed.  Further, the Court denies Mr. Gordon a certificate of appealability.  This case is concluded.


IT IS SO ORDERED.

                                    /s/Lesley Wells
                                    UNITED STATES DISTRICT JUDGE

Dated: 12 February 2007

10